**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4835-14T2


MARY BEDEN,

      Plaintiff-Respondent,

v.

LANCE BEDEN,

      Defendant-Appellant.

_____

      Argued December 13, 2016 — Decided July 20, 2017

      Before Judges Suter and Guadagno.

      On appeal from the Superior Court of New
      Jersey, Chancery Division, Family Part,
      Camden County, Docket No. FM-04-0949-09.

      Mark J. Molz argued the cause for appellant.

      Amy C. Goldstein argued the cause for
      respondent (Capehart & Scatchard, P.A.,
      attorneys; Ms. Goldstein, on the brief).

PER CURIAM

Defendant, Lance Beden appeals[1] from portions of a matrimonial post-judgment enforcement order entered June 4, 2015, denying defendant's cross-motion to modify his alimony obligation to plaintiff, Mary Beden.[2]  For the reasons that follow, we affirm.

The parties were married in 1980 and had three children. They divorced pursuant to a final judgment of divorce (FJD) entered on February 4, 2010, which incorporated a property settlement agreement (PSA)[3] of same date.  The PSA provided that defendant would pay plaintiff permanent alimony[4] of $800 per week based on defendant's salary of approximately $136,000 per year.

In 2014, plaintiff sought enforcement of defendant's alimony obligation.  On October 3, 2014, defendant was ordered to make a lump sum payment of $4800 to plaintiff and was

---

[1] Defendant's notice of appeal indicates incorrectly that plaintiff is appealing.

[2] The June 4, 2015 order also granted plaintiff's motion to convert defendant's alimony arrears to a judgment; required defendant to make a lump sum payment towards those arrears; required defendant to execute a listing agreement for the sale of the marital residence; and ordered defendant to pay plaintiff's counsel fees.  Defendant has not appealed from those portions of the order.

[3] The FJD refers to the PSA alternatively as a marital settlement agreement.

[4] The alimony obligation would terminate upon the death of either party or the wife's remarriage.

A-4835-14T2

required to list the marital home for sale. The alimony obligation remained "in full force [and] effect." Attorneys for both parties signed the order to indicate their client's consent as to form. That order was not appealed.

Defendant failed to comply with the October 3, 2014 order and plaintiff again sought enforcement in April 2015. Defendant cross-moved to recalculate alimony and his life and health insurance obligations, retroactive to March 1, 2014, when he claimed he was laid off.

On June 4, 2015, a different judge heard oral argument and concluded that defendant had not made a good faith effort to find employment and had not established a prima facie case of changed circumstances.

On appeal, defendant presents two arguments:

> POINT I
>
> DEFENDANT HAS ESTABLISHED A CHANGE IN CIRCUMSTANCES.
>
> POINT II
>
> DEFENDANT'S LOSS OF EARNINGS ARE SIGNIFICANT AND NOT TEMPORARY.

Defendant claims his layoff in March 2014 constitutes a change in circumstances entitling him to relief. The motion judge found that defendant's efforts to obtain employment over a fifteen-month period, consisting of posting his résumé on line,

A-4835-14T2

attending a job fair, and applying for seven positions, did not constitute a good faith effort to find employment.

To modify a support obligation, the movant must show "changed circumstances." Lepis v. Lepis, 83 N.J. 139, 146 (1980). Temporary circumstances do not warrant modification. Id. at 151. Rather, "[t]he party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved." Id. at 157 (citing Martindell v. Martindell, 21 N.J. 341, 353 (1956)).

No brightline rule dictates "when a changed circumstance has endured long enough to warrant a modification of a support obligation." Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). "Instead, such matters turn on the discretionary determinations of Family Part judges, based upon their experience as applied to all the relevant circumstances presented, which we do not disturb absent an abuse of discretion." Ibid.

As the Family Part has special expertise in family matters, and has had the opportunity to hear and see the witnesses testify firsthand, we accord deference to its findings of fact. Cesare v. Cesare, 154 N.J. 394, 412-13 (1998). Thus, a decision

on an application to modify alimony will not be overturned on appeal absent an abuse of discretion:

> To vacate a trial court's findings in a proceeding modifying alimony, an appellate court must conclude that the trial court clearly abused its discretion, failed to consider "all of the controlling legal principles," or it must otherwise be "well satisfied that the finding[s] [were] mistaken," or that the determination could not "reasonably have been reached on sufficient credible evidence present in the record after consideration of the proofs as a whole."
>
> [Rolnick v. Rolnick, 262 N.J. Super. 343, 360 (App. Div. 1993) (citations omitted).]

Applying these principles, we are satisfied that the motion judge did not abuse his discretion in finding that there was no change in circumstances since the last time the Family Part considered defendant's alimony obligation on October 3, 2014. Defendant's broad and sweeping claim that "there are no jobs for a 59 year old individual with a [c]ollege level degree in [e]lectrical [e]ngineering from 1978" finds no support in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4835-14T2